(42 South. 255.)

No. 16,204.

Succession of SHARP.

(Nov. 12, 1906.)

APPEAL—REVIEW—QUESTION OF FACT.
   Involves only questions of fact.
   (Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice Ellis Edrington, Judge.

In the matter of the succession of Anna Ross Sharp. Suit by heirs to compel their brother to collate certain sums received from his father. Judgment for defendant, and the heirs appeal. Affirmed.

Benjamin Taylor Waldo, for appellants. Louis Hermann Marrero, Jr., and Louis Robert Rivarde, for appellee.

PROVOSTY, J. In this suit, three sisters, as heirs of their mother, seek to compel their brother to collate certain sums of money received from their father and certain real estate bought from the father in the life-time of the mother, which moneys and real estate belonged to the community of acquets and gains existing between the father and mother. Only issues of fact are involved.

The father and mother of the litigants, people of education and refinement, lived on a plantation on the east bank of the Mississippi river, opposite the upper part of New Orleans. Defendant was never sent to school, but until the age of 30 worked on the plantation for the father, first, as a boy "pulling grass out of onion beds and picking cabbage and so on," and then, later on, as he expresses it:

"Well, I was a general roustabout. I planted and hoed and plowed, and run the machine, digging ditches, and running market, and doing anything and everything. Worked day and night. I had no hours. I was the first man out and the last man in."

The night work consisted in going before day to the market in New Orleans with cart loads of vegetables raised on the plantation, or in going at night and staying all night selling the vegetables. On the profits of this vegetable selling the father would occasionally allow him a commission of 10 per cent., always, it seems, making an entry of same in a memorandum or cash book; and it is these commissions that the plaintiffs are now seeking to compel defendant to collate. A more unreasonable, or more unconscionable, demand it would be hard to imagine.

The other property asked to be collated is the upper half of the plantation, which the father sold to defendant in order to get money for the payment of pressing debts. Defendant lived with his parents until two or three months after his marriage, in 1895, he being then 34 or 35 years of age, when he removed with his wife to a place he had rented in the neighborhood. In 1891 and 1892 he and his father made rice crops in partnership on the plantation, and afterwards engaged together in the cattle business, buying

cattle, pasturing them on the plantation, and selling them, and made money. Defendant was hard-working and thrifty, and of a saving disposition—in fact, close—from boyhood. In 1898, upon the advice of the late Justice Miller, of this court, the father sold him the upper half of the plantation. Plaintiffs say the price was inadequate, and that defendant should be made to collate the difference. We do not find that the price was inadequate. The decided preponderance of the testimony is to the contrary.

Judgment affirmed.

BREAUX, C. J., concurs in the decree.